IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE, | No. C-11-2810 TEH (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| v. | |
| S. SMITH, et al. | |
| Respondent. | |

Ruchell Cinque Magee, a prisoner at California State Prison - Corcoran and a frequent litigant in this Court, has filed a second or successive pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He seeks to proceed in forma pauperis under 28 U.S.C. § 1915. Doc. #2. Petitioner has also filed a motion for clearance and/or coram nobis. Doc. #3.

I.

This instant petition challenges Petitioner's 1975 conviction and life sentence from the Santa Clara Superior Court. His first federal Petition challenging this conviction and sentence

was denied on May 10, 1995.  See Magee v. Marshall, No. C-98-3637 DLJ, Doc. #42.  Petitioner has since filed many federal habeas and civil rights actions attacking the same conviction.  On June 17, 2009, this Court dismissed as successive his most recently filed habeas petition.  See Magee v. Adams, No. C-09-2175 TEH, Doc. #8.

A second or successive petition may not be filed in this Court unless Petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this Court to consider the petition.  See 28 U.S.C. § 2254(b)(3)(A).  Petitioner has not obtained such an order from the Ninth Circuit.  Accordingly, this Petition is DISMISSED without prejudice to refiling if Petitioner obtains the requisite Order.

## II.

Petitioner has filed a motion seeking "Clearance and/or, in the alternative, Writ of Coram Nobis."  Doc. #3.  Petitioner's request for "clearance" appears to be a challenge to the dismissals of his prior cases challenging his state court conviction.  To the extent that Petitioner is seeking review of the disposition of prior cases, the district court is not the appropriate venue.  See, e.g. 28 U.S.C. § 1291 (courts of appeals have jurisdiction of appeals from all final decisions of the district courts); 28 U.S.C. §§ 1253-54 (providing for Supreme Court review of appellate court decisions under specific circumstances).

In addition, district courts may not entertain a petition for a writ of error coram nobis with respect to challenges for state convictions.  See Sinclair v. Louisiana, 679 F.2d 513, 513-15 (5th

Cir. 1982); see also Madigan v. Wells, 224 F.2d 577, 578 n.2 (9th Cir. 1955) (writ of error coram nobis can only issue to aid jurisdiction of court in which conviction was had), cert. denied, 351 U.S. 911 (1956). A writ of coram nobis "cannot be used as a substitute for habeas corpus or as a collateral writ of error between state and federal jurisdictions." Rivenburgh v. State of Utah, 299 F.2d 842, 843 (10th Cir. 1962). Petitioner is challenging his 1975 state conviction; therefore a writ of coram nobis is not available to him in this court. Petitioner's motion for clearance and/or writ of coram nobis is DENIED. Doc. #3.

### III.

For the foregoing reasons, Petitioner's petition for writ of habeas corpus is DISMISSED without prejudice to refiling if Petitioner obtains the requisite Order from the Ninth Circuit. Petitioner's motion for clearance and/or writ of coram nobis is DENIED. Doc. #3. Petitioner's motion to proceed in forma pauperis is GRANTED. Doc. #2.

The clerk is directed to terminate all pending motions as moot and close the file.

IT IS SO ORDERED.

DATED  08/18/2011

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.11\Magee-11-2810-dismissal.wpd